IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-62-GF-BMM-JTJ |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MATTHEW DOUGLAS WEBB, | |
| Defendant. | |

## I.    Synopsis

Defendant Matthew Douglas Webb (Webb) has been accused of violating the conditions of his supervised release. (Doc. 38). Webb admitted the alleged violation. Webb's supervised release should be revoked. Based upon the agreement of the parties, Webb should be sentenced to custody for 6 months, with 12 months of supervised release to follow. During the term of supervised release, Webb shall complete 100 hours of community service, completing no less than 10 hours per month.

## II.    Status

Webb pleaded guilty on December17, 2020, to the offense of Prohibited Person in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(1), (b)(1) as

charged in Count I of the Indictment. (Doc. 20). The Court sentenced Webb to custody for 25 months, followed by 3 years of supervised release. (Doc. 34). Webb's current term of supervised release began on January 27, 2023.

**Petition**

On June 25, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Webb's supervised release. (Doc. 38). The Petition alleged Webb violated conditions of his supervised release by: (1) committing another federal, state or local crime by distributing a dangerous drug, suboxone strips, to an inmate at the Shelby, Montana prison, constituting commission of the felony offenses of Criminal Distribution of Dangerous Drugs, in violation of Mont. Code Ann. §45-9-102; Transferring Illegal Articles, in violation of Mont. Code Ann. §45-7-307 and Money Laundering, in violation of Mont. Code Ann. §45-6-341.

**Initial Appearance**

Webb appeared before the Court on July 16, 2025. Webb was represented by counsel. Webb stated that he had read the Petition and that he understood the allegation against him. Webb waived his right to a preliminary hearing.

**Revocation hearing**

Webb appeared before the Court on July 16, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Webb admitted that the Government could prove the allegation that he had violated the conditions of

supervised release as set forth in the Petition by a preponderance of evidence but not beyond a reasonable doubt. Webb's admitted violation is serious and warrants revocation of his supervised release.

**Sentencing hearing**

Webb appeared before the Court on July 16, 2025. Webb's violation is a Grade A. His criminal history category is VI. Webb's underlying offense is a Class C felony. Webb could be incarcerated for up to 24 months. Webb could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 33 to 41 months.

## III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Webb's supervised release should be revoked. Based upon the agreement of the parties, Webb should be sentenced to custody for 6 months, with 12 months of supervised release to follow. The Court further recommends that during the term of his supervised release, Webb shall complete 100 hours of community service, completing no less than 10 hours per month. This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Webb that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Webb of his right to object to these Findings and Recommendations within 14 days of this

issuance.  The Court explained to Webb that Judge Morris would consider a timely

objection before making a final determination on whether to revoke his supervised

release and what, if any, sanction to impose.

The Court **FINDS:**

> That MATTHEW DOUGLAS WEBB has violated the conditions of his
> supervised release with the Government able to prove by a
> preponderance of the evidence that Webb: (1) committed another
> federal, state or local crime by distributing a dangerous drug, suboxone
> strips, to an inmate at the Shelby, Montana prison, constituting
> commission of the felony offenses of Criminal Distribution of
> Dangerous Drugs, in violation of  Mont. Code Ann. §45-9-102;
> Transferring Illegal Articles, in violation of Mont. Code Ann. §45-7-307
> and Money Laundering, in violation of Mont. Code Ann. §45-6-341.

The Court **RECOMMENDS:**

> Based upon the agreement of the parties, that the District Court revoke
> Webb's supervised release and sentence Webb to custody for 6 months,
> with 12 months of supervised release to follow. The Court further
> recommends that during the term of his supervised release, Webb shall
> complete 100 hours of community service, completing no less than 10
> hours per month.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO
OBJECT**

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C.  § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district court

judge and may waive the right to appear and allocute before a district court judge.

DATED this 24th day of July 2025.


John Johnston
United States Magistrate Judge